1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PAUL NOAH SPOHN,

11          Plaintiff,                    No. 2:12-cv-0796 JAM DAD P

12      vs.

13   NUMEROUS TRINITY COUNTY
     SHERIFF'S DEPARTMENT
14   DEPUTY'S, etc.,

15          Defendants.              ORDER

16   _____/

17          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

18   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

19   § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

20   § 636(b)(1).

21          Plaintiff has submitted a declaration that makes the showing required by 28

22   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

24   U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee

25   in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

26   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

1

1    and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

2    payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

3    account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

4    each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

5    U.S.C. § 1915(b)(2).

6            The court is required to screen complaints brought by prisoners seeking relief

7    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

8    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

11   U.S.C. § 1915A(b)(1),(2).

12           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18   Cir. 1989); Franklin, 745 F.2d at 1227.

19           Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

20   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

23   (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain more

24   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

25   allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, id.

26   However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the

2

1  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'''"  Erickson

2  v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn quoting Conley v.

3  Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the court must

4  accept as true the allegations of the complaint in question, Erickson, id., and construe the

5  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

6  (1974).

7       In McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996), the Ninth Circuit Court

8  of Appeal upheld the dismissal of a complaint it found to be "argumentative, prolix, replete with

9  redundancy, and largely irrelevant.  It consists largely of immaterial background information."

10  The court observed the Federal Rules require that a complaint consist of "simple, concise, and

11  direct" averments.  Id.  As a model of concise pleading, the court quoted the standard form

12  negligence complaint from the Appendix to the Federal Rules of Civil Procedure:

13       1.  Allegation of jurisdiction.

14       2.  On June 1, 1936, in a public highway, called Boylston Street, in Boston
         Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who
15       was then crossing said highway.

16       3.  As a result plaintiff was thrown down and had his leg broken, and was
         otherwise injured, was prevented from transacting his business, suffered great
17       pain of body and mind, and incurred expenses for medical attention and
         hospitalization in the sum of one thousand dollars.
18
         Wherefore plaintiff demands judgment against defendant in the sum of one
19       thousand dollars.

20  Id.

21       Plaintiff's amended complaint (Doc. No. 2), filed as of right on March 28, 2012,

22  suffers from many of the same problems as the pleading dismissed in McHenry: there is much

23  "'narrative rambling[]'" yet a marked lack of "notice of what legal claims are asserted against

24  which defendants."  Id. at 1176.  As in McHenry, "[p]rolix, confusing complaints such as the

25  ones plaintiffs filed in this case impose unfair burdens on litigants and judges."  Id. at 1179.

26  /////

3

1    For this reason, plaintiff's amended complaint will be dismissed with leave to

2    amend.  Plaintiff will be granted leave to file a second amended complaint limited to fifteen

3    pages.  Plaintiff shall use the court's form for filing a civil rights action, which will be provided

4    with this order.

5    If plaintiff chooses to amend the complaint, plaintiff must limit the allegations of

6    the complaint to short and plain statements that demonstrate how the conditions complained of

7    have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d

8    227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named

9    defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

10   affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo

11   v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.

12   Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of

13   official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673

14   F.2d 266, 268 (9th Cir. 1982).

15   In addition, plaintiff is informed that the court cannot refer to a prior pleading in

16   order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an

17   amended complaint be complete in itself without reference to any prior pleading.  This is

18   because, as a general rule, any amended complaint supersedes prior complaints.  See Loux v.

19   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff amends the complaint, prior pleadings no

20   longer serve any function in the case.  Therefore, in a second amended complaint, as in an

21   original complaint, each claim and the involvement of each defendant must be sufficiently

22   alleged.

23   In accordance with the above, IT IS HEREBY ORDERED that:

24   1.  Plaintiff's request for leave to proceed in forma pauperis (Docket No. 2) is

25   granted.

26   /////

4

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's amended complaint (Docket No. 1) is dismissed.

4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a.  The completed Notice of Amendment; and

b.  An original and one copy of the Second Amended Complaint. Plaintiff's second amended complaint shall be prepared on the form provided with this order; the second amended complaint shall comply with the requirements of this order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order may result in the dismissal of this action.

DATED: September 26, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
spoh0796.14

5

1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PAUL NOAH SPOHN,

11          Plaintiff,                    No. 2:12-cv-0796 JAM DAD P

12      vs.

13   NUMEROUS TRINITY COUNTY
     SHERIFF'S DEPARTMENT
14   DEPUTY'S, etc.,

15          Defendants.                   <u>NOTICE OF AMENDMENT</u>

16   _____/

17          Plaintiff hereby submits the following document in compliance with the court's

18   order filed _____:

19          _____   Second Amended Complaint

20   DATED:

21

22

23

24                                    _____

25                                    Plaintiff

26

                                6